IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL J. MARTIN                                           PLAINTIFF

      v.         Civil No. 05-2014

HARRY SMITH, et al.                                        DEFENDANTS

## ORDER

NOW on this 2nd day of August, 2006, comes on for consideration the above matter and the Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. In his Pro Se complaint, plaintiff, Daniel J. Martin, (Martin) asserts that his constitutional rights were violated when he was transported to the Johnson County Jail on January 3, 2005 and then held there for approximately nine (9) days.

(a) Based upon the filings in the case, it appears:

\* that on January 3, 2005, Kathryn Martin, the plaintiff's mother, was taken into custody pursuant to an order issued by the Johnson County Probate Court for an involuntary commitment due to mental illness;

\* that plaintiff was placed in a patrol car and brought to the Johnson County Detention Center by Arkansas State Troopers at that same time his mother was brought there;

\* that, once plaintiff and his mother entered the detention center, the three State Troopers left and returned to other business;

* that Kathryn Martin went to the Arkansas State Hospital on January 3, 2005 -- and that she was released therefrom nine days after her initial arrest; and

* that, according to plaintiff, he stayed at the Johnson County Detention Center for that same nine days -- until he was released to his mother's care after her release from the Arkansas State Hospital.

(b) It does not appear to the Court that defendants challenge the foregoing assertions but, rather, they contend that their actions with respect to plaintiff were neither illegal or improper under the circumstances.

(c) Plaintiff also asserts that his constitutional rights were violated while at the Johnson County Detention Center. He says that defendant, Sheriff Wesley Kendrick, "made a mean looking face"; that Kendrick would sit where plaintiff could see him (Kendrick) and would point his finger at his head -- in a gesture similar to that used by someone pretending to have a gun at his head; and that plaintiff was mocked, ridiculed and called "retarded" while at the Johnson County Detention Center.

(d) Defendant Kendrick denies the foregoing assertions.

(e) Plaintiff is thirty-seven (37) years old and lives at home with his mother, Kathryn Martin. The indications are that plaintiff has a "lot of handicaps" and, therefore, has never lived alone.

2. In their answer, defendants deny violating plaintiff's constitutionally protected rights and deny that he is entitled to any relief from them. They say they determined that leaving plaintiff home alone would present an imminent danger to his health or safety and that, if left alone, he might not have been able to comprehend the nature and consequences of the dangers that faced him. They further deny that plaintiff was subjected to inappropriate or legally actionable misconduct while he was at the detention center.

3. Pursuant to previous orders of the Court, this case was set for a bench trial on June 12, 2006.

Plaintiff appeared on the date of trial although he was several minutes late. He was accompanied by his mother.

Separate defendants Harry Smith, George Summerlin, and Brian Syfert appeared in person, and through counsel, Scott Richardson. Separate defendant Wesley Kendrick appeared in person, and through counsel, Jason Owens.

4. The Court attempted to proceed with the trial as scheduled and it immediately became apparent that plaintiff intended for his mother to act as his counsel in the trial. The Court explained that, since Mrs. Martin is not a lawyer, she would not be permitted to act as plaintiff's counsel. However, although the rule sequestering witnesses was invoked on proper request by defendants, the Court found that the plaintiff's mother could

remain in the court room under Rule 615(3) which excludes from the rule "a person whose presence is shown by a party to be essential to the presentation of the party's cause".

Notwithstanding the Court's rulings, plaintiff's mother repeatedly answered for the plaintiff when he was addressed by the Court. It eventually became apparent to the Court that plaintiff came to the courthouse for trial intending that his mother speak for him and that if that were not permitted, he could not proceed to present his case *pro se*.

5. The Court then explained to plaintiff -- and to his mother -- its belief that plaintiff should have legal counsel in order to properly present his lawsuit. Whereupon, both plaintiff and his mother assured the Court that plaintiff wanted to have a lawyer to represent him; that he (or they) had money with which to hire such a lawyer; and that if given a reasonable continuance, plaintiff could and would hire such a lawyer to represent him in the case.

In light of the foregoing, the Court continued the case and allowed ten (10) days for the plaintiff to retain a lawyer to present his case. The Court explained that if plaintiff did not secure the lawyer in that time, the Court would consider dismissing the case. The Order -- entered June 13, 2006 -- states in part that "If an entry of appearance by counsel is not made on plaintiff's behalf within the allowed ten (10) days, the Court

will consider other options, but will likely dismiss this matter as the plaintiff appears unable to proceed pro se."

6. On July 7, 2006 -- some fourteen days after the entry of the June 13, 2006, Order -- the Court entered a further Order noting that the ten (10) day period has expired and that plaintiff had apparently not hired counsel since none had entered an appearance as such. Thus, in the July 7, 2006 Order, the Court ordered plaintiff to show cause -- within the next ten (10) days thereafter -- why this matter should not be dismissed for failure to prosecute.

7. On July 17, 2006, plaintiff submitted a handwritten pleading to the Court, which, together with attachments, includes the following:

* a document which states:

  "Enclosed is all I have to prove I was taken without a warrant and was threatened by all there if I didn't go with them. I am praying you find this to be enough facts."

* two "mug shots" of the plaintiff;

* a memo dated 1/12/05; and

* a police video which (based upon the Court's in camera review of same) shows events which occurred from the time the police arrived at the plaintiff's house on January 3, 2005 until the police, the plaintiff and Mrs. Martin arrived at the Johnson County Detention Center.

Plaintiff's submissions say nothing about any effort to

secure counsel.

8. On July 18, 2006, separate defendants Smith, Summerlin, and Syfert filed a **Motion to Dismiss for Failure to Prosecute** (document #33), saying that the case should be dismissed because plaintiff has failed to comply with the Court's orders. Specifically, they allege that he has failed to retain an attorney "as ordered by the Court." They attach to their motion a transcript of the police video which the plaintiff submitted.

9. In the Court's view, plaintiff's contentions are not complicated and normally would not require the services of legal counsel for a pro se plaintiff in order for them to be properly presented to a trier of fact -- especially in a bench trial such as this. While defendants dispute plaintiff's allegations that he was mistreated while at the Detention Facility, there appears to be little dispute about the circumstances surrounding the taking of plaintiff to the Detention Facility and the length of his stay there. Thus, the Court had resisted the notion that it should appoint counsel for plaintiff. Even if that were not the case, plaintiff's assertions that he desired to hire a lawyer and that he had the funds to do so further negated the notion.

Notwithstanding the foregoing, however, it would appear to the Court that plaintiff's complaint is not frivolous on its face and that he is entitled to his day in Court with respect to it -- if that can be accomplished with fairness to the defendants.

In light of its experience with plaintiff on June 12, 2006, the Court sincerely doubts that plaintiff -- without the aid of his mother (who cannot, of course, act as his counsel) or a lawyer either retained or appointed -- can present his case in such a way as to give him his day in court and, at the same time, fairly provide defendants with their day in court.

Plaintiff has not explained why he did not retain a lawyer in the time permitted him by the Court and the Court doesn't know whether he tried and was unable to retain a lawyer; whether he did not try at all; or whether he changed his mind about wanting to do so. Absent any such explanation, it appears to the Court that plaintiff was unable to hire a lawyer but nevertheless wishes to proceed pro se. As already noted, the Court seriously doubts plaintiff can present his case pro se.

10. While the case is simple and would not ordinarily require the services of a lawyer to be properly presented, the Court believes that plaintiff's specific situation mandates a different result. The Court, therefore, on its own motion will appoint a competent attorney enrolled before the bar of this Court to consult with plaintiff in the manner hereafter described.

(a) The Court has randomly selected and had its staff make preliminary contact with **Daniel Stewart**, Attorney at Law of 523 Garrison Ave., Suite 300, Fort Smith, AR 72901, 479-494-3002, dan.stewart@stewartlaw.us, who has graciously and professionally

agreed to confer with plaintiff about his case and to determine whether he can ethically assist plaintiff in the presentation of what appears to be a rather simple and straightforward case.

(b)  The Court, with attorney Stewart's previous consent, will direct that he, attorney Stewart, meet with plaintiff as soon as conveniently possible -- and in no event later than Friday, August 18, 2006.

(c)  If attorney Stewart and plaintiff can agree to proceed with attorney Stewart representing with respect to this matter, the Court will order plaintiff to fairly compensate the attorney Stewart for his services if, in fact, plaintiff can do so as he has previously represented.  If not, no expense will accrue to plaintiff with respect to attorney Stewart's services.

(d)  The Court will further direct that plaintiff appear at the Isaac C. Parker Federal Courthouse in Fort Smith, Arkansas, together with attorney Stewart, at 10:00 a.m. on the 21st day of August, 2006, so the Court can then determine whether attorney Stewart can and will assist plaintiff in the presentation of his case.  At this hearing, plaintiff will be given a final opportunity to proceed to trial with the appointed attorney -- or to convince the Court that he is able to proceed pro se without an attorney if he still wishes to proceed in that fashion. If plaintiff cannot or will not do either, the Court will dismiss his case, with prejudice.

(e) The defendants are placed on notice of the August 21, 2006 hearing and may attend if they wish. However, defendants are not required to attend.

(f) Again with his previous consent, attorney Stewart is instructed to enter his appearance in this case using the Electronic Case Filing system.

(g) After attorney Stewart has so entered his appearance, the Clerk of this Court is then ordered to forward a copy of each pleading not available on the Electronic Case Filing system to attorney Stewart. Those pleadings should include the pleadings filed in case number 05-2014 as well as the pleadings filed in case number 05-2015 -- which was previously consolidated with this case.

11. In light of the foregoing, the Court will take under advisement defendants' **Motion to Dismiss for Failure to Prosecute** (document #33).

The Court observes that these defendants are entitled to have this matter resolved -- and at the earliest possible time. While the Court believes it is being more than fair to plaintiff in an attempt to permit him his day in court, it must be clearly understood that the Court also has an obligation to be fair to these defendants. Hence, if plaintiff cannot take advantage of the options being offered, the Court will be left with no choice but to act on the motion so taken under advisement and to dismiss

plaintiff's claims without an adjudication on their merits.

**IT IS, THEREFORE, ORDERED** that the **Motion to Dismiss for Failure to Prosecute** (document #33) should be, and it hereby is, **neither granted nor denied, but taken under advisement, at this time** based on the contents of this Order.

**IT IS FURTHER ORDERED** that **Daniel Stewart**, Attorney at Law of 523 Garrison Ave., Suite 300, Fort Smith, AR 72901, 479-494-3002, [dan.stewart@stewartlaw.us](mailto:dan.stewart@stewartlaw.us), is appointed to confer with plaintiff about his case no later than Friday, August 18, 2006, and to determine whether he can ethically assist plaintiff in the presentation of this case.

**IT IS ALSO ORDERED** that attorney Stewart enter his appearance in this case using the Electronic Case Filing system, after which entry of appearance the Clerk of this Court is ordered to forward a copy of each pleading not available on the Electronic Case Filing system to Attorney Stewart. Those pleadings should include the pleadings filed in case number 05-2014 as well as the pleadings filed in case number 05-2015 -- which was previously consolidated with this case.

**IT IS FURTHER ORDERED** that both the plaintiff and attorney Stewart are ordered to appear at the Isaac C. Parker Federal Courthouse in Fort Smith, Arkansas, at 10:00 a.m. on the 21st day of August, 2006, so the Court can determine whether attorney

Stewart can and will assist plaintiff in the presentation of his case and/or to deal with other issues described in the text of this Order.

**IT IS FURTHER ORDERED** that defendants may, but are not required to, attend the said hearing of August 21, 2006.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE
