```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION
```

DANIEL J. MARTIN                                          PLAINTIFF

         v.             Civil No. 05-2014

HARRY SMITH, et al.                                       DEFENDANTS

## JUDGMENT

The above referenced matter came before this court for a non-jury trial on Monday, October 30, 2006.  At the conclusion of the plaintiff's case, the Court entered judgment *ore tenus*.  The Court now enters this order to reduce to writing the essential portions of its findings then made.  The Court specifies, however, that, should there be any difference between the content of this written order and the content of the Court's oral statements on the record, the latter will control.

1.   The Court found that, for the stated reasons, the unopposed motion of separate defendants Brian Syfert, Harry Smith, and George Summerlin[1] for judgment as a matter of law should be **granted** and that **judgment should be entered in favor of Brian Syfert, Harry Smith, and George Summerlin as a matter of law**.

2.   The Court also found that, for the reasons stated, the motion of separate defendant Wesley Kendrick for judgment as a matter of law should be **granted** and that **judgment should be**

---

[1] George Summerlin was incorrectly identified in the plaintiff's complaint and other pleadings as "George Southerland".  The Court finds and orders that the style of this case should be amended to correct this misidentification.

**entered in favor of Wesley Kendrick.** More specifically, the Court found that separate defendant Kendrick's actions were reasonable and permissible under the "community caretaking functions" outlined by the United States Supreme Court in Cady v. Dombrowski, 413 U.S. 433 (1973). *See also* Samuelson v. City of New Ulm, 455 F.3d 871 (8th Cir. 2006); Winters v. Adams, 254 F.3d 758 (8th Cir. 2001). Further, the Court found that had separate defendant Kendrick violated the plaintiff's Fourth Amendment rights, separate defendant Kendrick would be entitled to qualified immunity for his actions.

3. The Court hereby reaffirms its said oral findings and orders entered on the record on October 30, 2006.

IT IS SO ORDERED AND ENTERED this 7th day of November, 2006.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE